UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ANDRE MOSLEY, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Case No. 4:01CV541 CDP |
| MIKE KEMNA, | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before me on petitioner Andre Mosley's request for permission to file a notice of appeal almost two years out of time and on his request for a certificate of appealability. I denied his petition for writ of habeas corpus on September 9, 2004, and entered final judgment the same day. I also concluded that Mosley had not made a substantial showing of the denial of a constitutional right and so I did not issue a certificate of appealability.

When Mosley filed his petition he was incarcerated at the Crossroads Correction Center in Cameron, Missouri. All filings and court orders went to him at that address and were apparently delivered, except for the final order and judgment. The Clerk of Court mailed both documents to Mosley at Crossroads, but they were returned. The Court heard nothing further from him until he filed a request for the status of the case in April of 2006. In response to his request, the Clerk of Court

sent him copies of the dispositive rulings. The Clerk also changed his address on the docket to the Southeast Correction Center in Charleston, Missouri, because that was the return address on his request, although he never actually filed a change of address notice with the Clerk.

More than a month after receiving that information, Mosley filed a request for permission to file an appeal out of time and a request for certificate of appealability. He argues that he should be granted relief because he did not receive the order and judgment, and because he has meritorious arguments.

After filing a case with the Court, a pro se party like Mosley has an obligation to update the Court when his address changes. Local Rule 2.06(B) states:

> Every pro se party shall promptly notify the Clerk and all other parties to the proceedings of any change in his or her address. If any mail to a pro se plaintiff or petitioner is returned to the Court without a forwarding address and the pro se plaintiff or petitioner does not notify the Court of the change of address within thirty (30) days, the Court may, without further notice, dismiss the action without prejudice.

Mosely appears to have moved from the Crossroads Correction Center to the Southeast Correctional Center at some unknown time, but the docket reflects no notification received by the Clerk of this change in address. Almost two years after the final judgment has been issued in this case and almost three years since Mosley last received any paperwork concerning the case, he wrote to request an update.

Mosley's failure to receive the judgment was the result of his failure to keep the court informed of his change in address, and he must bear the consequences of failing to comply with the Local Rule.

Additionally, nothing in Mosley's request convinces me that a certificate of appealability should be issued even if the request had been timely made. In 2004 I considered his claims carefully and concluded that reasonable jurists would not have disagreed about the outcome of his case, and that he had not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's request for permission to file a late notice of appeal and request for certificate of appealability [#23] is DENIED.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 20th day of June, 2006.