```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION
```

| | |
|---|---|
| ANDRE MOSLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:01CV541 CDP |
| | ) |
| MIKE KEMNA, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

This matter is before me on petitioner Andre Mosley's motion for reconsideration of my denial of his request for permission to file a notice of appeal almost two years out of time and for a certificate of appealability. I denied Mosley's petition for writ of habeas corpus on September 9, 2004, and entered final judgment the same day. In May of 2006, Mosley requested permission to file a notice of appeal out of time and stated that he did not receive notice of the Court's judgment until April of 2006. I denied his request for failure to keep the court informed of his change in address, as required by the Local Rules. Now Mosley seeks reconsideration, alleging that he informed the clerk's office of his change in address and that therefore it was by the Court's error that he did not receive the judgment.

When Mosley filed his petition he was incarcerated at the Crossroads Correction Center in Cameron, Missouri. All filings and court orders went to him at that address and were apparently delivered, except for the final order and judgment. The Clerk of Court mailed both documents to Mosley at Crossroads, but they were returned. The Court heard nothing further from Mosley until he filed a request for the status of the case, received by the Court on April 14, 2006. In response to his request, the Clerk of Court sent him copies of the dispositive rulings. The Clerk also changed his address on the docket to the Southeast Correction Center in Charleston, Missouri, because that was the return address on his request, although the Clerk has no record of ever receiving any other notice of his change of address.

On May 24, 2006, more than a month after receiving that information, Mosley filed a request for permission to file an appeal out of time and a request for certificate of appealability. I denied those requests and now Mosley seeks reconsideration. He states that in October of 2003 he informed the clerk's office of his new address and requested a docket sheet. Mosley attached to his motion for reconsideration a copy of an envelope postmarked October 16, 2003, and mailed to Mosley at the Southeast Correctional Center by the Clerk's office. There is no docket entry corresponding with that date, and so the Court has no

record of sending this envelope, although the envelope appears authentic and I have no reason to doubt that the Clerk sent it.

Accepting Mosley's allegations of court error as true, this Court is still without the power to grant Mosley's request to file a late notice of appeal. The Federal Rules of Appellate Procedure provide limitations on when a district court can extend or reopen the time for appeal. Mosley meets neither of the two situations that would allow a late filing.

Under Rule 4(a), Fed. R. App. P., subsection (5)(A) allows the district court to extend the time for filing a notice of appeal when:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Mosley does not meet this provision because he filed his request more than 60 days after the entry of judgment.

Subsection (6) of Rule 4(a) allows the court to reopen the time for filing an appeal when:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

This subsection has more applicability to Mosely, but he still fails to satisfy its requirements.

Rule 4(a)(6) was intended to reduce the risk of forfeiture of appeal caused by the problem which occurred in this case: failure to receive notice of entry of judgment. Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction 3d § 3950.6 (3d ed. 1999). However, even this Rule has limitations on when the time to file an appeal can be reopened. See Kocher v. Dow Chemical Co., 132 F.3d 1225, 1229 (8th Cir. 1997) (Rule 4(a)(6) "sets the limit on the extra time to appeal that a party may gain from lack of notice"). The latest a movant could file for reopening is the earlier of 180 days after judgment or 7 days after receiving notice of entry of judgment. In this case, 180 days after judgment would be approximately mid-March of 2005 and 7 days after receiving notice of judgment would be approximately late April of 2006. Mosley met neither of these deadlines.

Thus, Mosley's request fails to meet all the conditions of either Rule 4(a)(5)

or 4(a)(6), and I have no authority to grant the requested late filing.

Additionally, as I stated in my earlier orders, I would not issue a certificate of appealability even if the request had been timely made. In 2004 I considered Mosley's claims carefully and concluded that reasonable jurists would not have disagreed about the outcome of his case, and that he had not made a substantial showing of the denial of a constitutional right. Nothing in his recent filings causes me to change that conclusion.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for reconsideration [#25] is DENIED.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of November, 2006.